Mr. Justice Cox
delivered the opinion of the court:
On April 16, 1875, Mr. Shepherd borrowed $10,000 from Or. May, giving his own note for the full amount, three years after date, and, at the same time, executed a deed of trust to certain trustees, reciting this indebtedness, and authorizing among other things, “ upon default made, to sell at public auction, upon twenty days’ advertisement of terms, &c., which said terms of sale shall be as follows, viz., the amount of indebtedness secured by said deed of trust, unpaid, with the expense of sale, in cash, and the balance at twelve and eighteen months, for which the notes of the purchaser, bearing interest from the day of sale and secured by deed of trust on the property sold, shall be taken.”
A little more than a year after the execution of the deed, on August 1, 1876, Shepherd and wife conveyed the equity of redemption to Albert C. "Walker, the consideration named being $30,000, and the conveyance being “ subject to a certain deed of trust, dated,” &c., and containing a covenant against all other claims. When this transaction took place, Shepherd paid the interest on his note up to the time of his conveyance to Walker, and Walker paid the interest until the maturity of the note, and then came to May and told him he had to pay the note, but asked for an extension for one year. This was granted, at the same rate of interest. Walker paid the interest for the time of the extension, and, at maturity, requested a further extension for a year, and got it for nine months at the same rate. There was no payment after the last extension, and at the end of the nine months, May got the trustees to sell, as required by the deed, at public auction, and bought the property for $8,500. After deducting the expenses of the sale, the balance was credited on the note, and the balance of $2,684.56, due on the note, *440 with interest from the day of sale, was sued for. Upon this state of facts, the defendant prayed the court to instruct the jury to return a verdict for him, but,the court refused, very properly, because that would have been to take the case entirely from the jury, after all the facts were before them affecting the plaintiff’s right to recover and to defeat that right. There was no question about the note having been given, or as to the handwriting,' but the instruction asked was substantially that the facts proven were not sufficient. But the defendant also contends that there were facts enough, taken together, before the jury tending to show that, although the deed from Shepherd to Walker had no provision that Walker would assume the payment of the note secured on the property, yet, in point of fact, such was the understanding, and this was supposed to be made out by circumstances. Shepherd paid the interest quarterly up to the time he sold to Walker, and Walker told May he would have to pay the note, and procured an indulgence. It is contended that this gave May a right of action against Walker upon his verbal promise to pay the note, as if Walker, for sufficient consideration, had personally become indebted to May, and perhaps the weight of authority is in that direction. It is further contended by the plaintiff that, if this was so, the effect was to make Walker the principal debtor from that time, and Shepherd a mere surety for the payment of the debt, although the arrangement was made by parol. And it is further contended that May would not afterwards be allowed to make any arrangement with Walker, his principal debtor, which would operate to the prejudice of Shepherd, thus become a mere surety. It is yet further contended that the extension of time granted to Walker was a benefit both to debtor and creditor, and though for the same rate of interest was for a sufficient consideration, but on this point there is a conflict of opinion. But, conceding all the other points contended for by the defense, wms this agreement a valid one between Walker and May for forbearance? The agreement was verbal that Walker should pay interest at the rate of ten per cent, on f1,000 first for one year and *441 then for nine months in consideration of May’s giving time during those respective periods. The Maryland statute is substantially that of Ann, by which an agreement to pay more than ¿66 for a forbearance of ¿6100, or at that rate, for more than one year, was absolutely void. If that was the arrangement, neither principal or interest was recoverable. Under the Maryland statute, in case of an extension of a contract for legal interest for a longer time at a higher rate than legal interest, the new agreement is void, although the original contract is still valid; and this whether the new agreement be written or verbal. The law in the Revised Statutes is thus laid down for this District:
“ Sec. 713. The rate of interest upon judgments or decrees, and upon the loan or forbearance of any money, goods or things in action shall continue to be six dollars upon one hundred dollars for one year, and after that rate for a greater or less sum or for a longer or shorter time, except as provided in this chapter.
“ Sec. 714. In all contracts made, it shall be lawful for the parties to stipulate or agree in writing that the rate of ten per centum per annum or any less sum of interest shall be taken and paid upon every one hundred dollars of money loaned or in any manner due and owing from any person or corporation in the District.
“ Sec. 715. If any person or corporation shall contract to receive a greater rate of interest than ten per cent, upon any contract in writing or six per cent, upon any verbal contract, such person or corporation shall forfeit the whole of the interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation.”
It seems plain that the verbal agreement to receive a greater rate of interest than six per cent, for forbearance after this note was due, was simply void under the statute. Cases were cited from Ohio and Missouri bearing on this question. In Missouri it is settled that an actual payment of usurious interest in advance for forbearance will sustain the promise, but they distinguish plainly between actual *442 payment and an executory agreement to pay, the latter being no consideration for the promise to forbear. The cases in Ohio seem to hold the promise to pay usurious interest a good consideration for forbearance on the ground that under a State statute such a promise is valid for the legal interest and void only for the excess. All the cases recognize the doctrine that a void promise to pay illegal interest is not a valuable consideration for a promise to forbear. It is a mere nudum factum. The law is perfectly well settled that a valid agreement between a creditor and the principal debtor giving time after the maturity of a note discharges the surety. But that agreement must be a binding one; otherwise, it is merely a voluntary indulgence, and no valid defense for the surety. Hence, as has been said, assuming the positions of the defense to be correct, this extension granted by May to "Walker is no valid defense for Shepherd. It is true that the note bore 10 per cent, interest until paid. But after the maturity the creditor could exact and the debtor could pay at any moment. Sere was a new agreement having the same effect as if the money had been paid and then reloaned for a definite time. The defendant further relied on the terms of the deed, claiming that under the provisions for the sale of the property, the trustees had no power to sell for less than the full amount of the debt and taxes and expenses; and that, inasmuch as the sale had realized for less, and May had gone into possession, he was estopped from averring nonpayment of the debt, or any balance of it,1 and was chargeable with the entire amount of it. But this seems not a fair construction of the deed. It is very improbable that any creditor would enter into a contract to lend money with the understanding that, if the security depreciated, he would lose all of his debt, or have to accept the security in full satisfaction of it. Such an understanding, therefore, must be very plainly expressed in the deed. The provision relied upon does not apply to the power to sell, but to the distribution of the proceeds, between cash and credit payments, to the extent of the debt. It assumes that the property will sell for more than the debt, and it is plain that that was the opinion of *443 both parties at the time. If tbe construction contended for were correct, then in case of the depreciation of the property, the creditor would have to take it in full satisfaction of the trust, or surrender his debt altogether. The true construction of the provision in question is that the trustees should require a cash payment of enough to satisfy the debt, if the purchase money were sufficient for that purpose, and the balance in two instalments. Undoubtedly the trustees so regarded it, and May’s contract was according to that understanding. If they were wrong, the sale might be set aside. Biit no different contract could be made for May by the court as would be done by charging him with the full amount of his debt as if he had bought on those terms. It would only follow^ that the sale might be set aside. It is said that May is in possession, but he only took possession on certain agreed terms and, if there was no right, there is no lawful possession. We could not require him to hold on different terms,he must be put to his election to surrender or take the property at the full amount of his' debt, with the taxes, &c. Therefore, the facts which were proven in defense did not furnish a defense to the action, and a •prima facie case being made out by the plaintiff, the judgment below must be affirmed-.
{ Decided April 3, 1882.
} The Chief Justice and Justices Cox and James sitting.